IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          **Case No. 09-40049-01-RDR**

GREGORY D. CROSBY,

        Defendant.

## O R D E R

This matter is presently before the court upon defendant's pro se motion to stay and vacate judgment and order. Having carefully reviewed the motion, the court is now prepared to rule.

On December 7, 2009, a jury found the defendant guilty of attempted bank robbery in violation of 18 U.S.C. § 2113(a), and giving false information in violation of 18 U.S.C. § 1038. The defendant appealed and the Tenth Circuit affirmed on March 23, 2011. The mandate was issued on April 14, 2011. The defendant filed a motion for reconsideration in this court pursuant to Fed.R.Civ.P. 60(b) on May 4, 2011. The court issued an order on May 18, 2011 indicating that the motion must be recharacterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court directed the defendant to inform the court if he wished to withdraw the motion or to submit a § 2255 motion. The defendant responded and asked for a stay of the order of May 18th until the United States Supreme Court ruled on his writ

of certiorari directed at the Tenth Circuit Court of Appeals' order of March 23, 2011.  The court granted this motion and directed the defendant to inform the court if he wished to withdraw his Rule 60(b) motion or submit a § 2255 motion within forty-five days after the Supreme Court decided his writ of certiorari.

In a document filed on July 8, 2011, the defendant indicated that he was filing his § 2255 motion.  He stated that he had filed a writ of certiorari with the United States Supreme Court but he had not received anything from the Supreme Court acknowledging the filing.  He suggested that he was protecting his right to file a timely § 2255 motion.

The court then directed the government to file a response and provided for filing of a reply by the defendant.  At that time, the court was unaware of any pending writ of certiorari with the Supreme Court.  The government ultimately filed its response and the defendant filed a reply.  In his reply, the defendant made no suggestion that the court should delay its ruling because of a pending writ of certiorari.  The court denied the defendant's § 2255 motion on March 16, 2012.

The defendant filed the instant motion on March 26, 2012.  He contends that the court should stay or vacate its judgment until the Supreme Court decides the pending writ of certiorari.  He has produced documents with his motion which he contends show that he filed a writ of certiorari with the Supreme Court.

The court finds no basis to vacate or stay the judgment entered on March 16, 2012.  The court is unaware of any pending writ of certiorari in the Supreme Court.  The court finds no record of such a pending writ and the defendant has not offered any evidence that one is pending before the Supreme Court.  Moreover, the mandate was issued by the Tenth Circuit Court of Appeals on defendant's direct appeal and there was no motion to stay the mandate pending the filing of a petition for a writ of certiorari before the Supreme Court.  Accordingly, under these circumstances, the court finds it properly determined the defendant's § 2255 motion.  The defendant's motion to vacate or stay shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to stay and vacate judgment and order (Doc. # 114) be hereby denied.

**IT IS SO ORDERED.**

Dated this 11th day of April, 2012 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge