IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                  Case No. 09-40049-RDR

GREGORY D. CROSBY,

        Defendant.

## MEMORANDUM AND ORDER

The defendant, proceeding *pro se*, has filed a document in which he seeks relief from his attempted bank robbery conviction in this court in 2009. The basis for his petition is not entirely clear. He contends that the savings clause of 28 U.S.C. § 2255(e) allows him to proceed and obtain relief in this court. He refers to 28 U.S.C. § 2241 in his petition, but does not contend that he is seeking relief under that statute. He argues in the petition, relying upon United States v. Thornton, 539 F.3d 741 (7th Cir. 2008), that the court erred in instructing the jury on attempted bank robbery. Having carefully reviewed this petition, the court is now prepared to rule.

I.

Some history is necessary to understand the instant petition. On December 8, 2009, a jury convicted the defendant

1

of attempted bank robbery and conveying false information.  On appeal, he argued that (1) the jury instructions for attempted bank robbery were improper because the court did not require proof of actual intimidation; and (2) the evidence at trial was insufficient to support his conviction for attempted bank robbery because the evidence did not prove actual intimidation.  The Tenth Circuit rejected both arguments on March 23, 2011, and affirmed the defendant's convictions.  United States v. Crosby, 416 Fed.Appx. 776, 779-80 (10th Cir. 2011).

The defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on July 8, 2011.  This court denied relief, and the Tenth Circuit affirmed.  United States v. Crosby, 468 Fed.Appx. 913 (10th Cir.), cert. denied, 133 S.Ct. 314 (2012).

The defendant next sought relief in this court under Federal Rule of Criminal Procedure 33 and Federal Rule of Civil Procedure 60(b).  We denied the Rule 33 motion as untimely and the Rule 60(b) motion as a second or successive motion under § 2255.  On appeal, the Tenth Circuit denied defendant's request for a certificate of appealability for his § 2255 motion and dismissed his appeal.  United States v. Crosby, 515 Fed.Appx. 771, 772 (10th Cir.), cert. denied, 134 S.Ct. 361 (2013).

Thereafter, the defendant, while incarcerated in Colorado, filed a petition under 28 U.S.C. § 2241 challenging his

conviction in this court. The district court in Colorado denied his application because he had an adequate and effective remedy under § 2255 to challenge his conviction. This decision was affirmed on appeal. Crosby v. Oliver, 561 Fed.Appx. 754, 756 (10th Cir.), cert. denied, 135 S.Ct. 99 (2014).

The defendant filed the instant petition on February 9, 2015. He is presently incarcerated in Lewisburg, Pennsylvania. In a recent letter to the court, the defendant asked about the status of his § 2255 petition.

## II.

As noted previously, the defendant fails to state the basis for this motion. Because the defendant is proceeding *pro se*, we construe his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(*per curiam*); see also United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009)("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."). A review of the petition reveals that the defendant is making a merit-based attack on his conviction. Accordingly, the court finds that defendant's motion must be construed as a second or successive § 2255 motion.

In order to file a successive § 2255 motion, a defendant must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3).

The court of appeals then may grant permission to file a second or successive motion only if the applicant meets certain criteria. § 2255(h). Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

Because the defendant has failed to obtain, or even seek, that permission, this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). If it is not in the interest of justice to transfer the case, however, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions unauthorized by the court of appeals. Id. When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. Id.

4

Here, the defendant has made no suggestion that he satisfies the standard to file a second or successive § 2255 petition. The defendant has failed to demonstrate the existence of any newly discovered evidence or note a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. As a result, a transfer to the court of appeals would serve no legitimate purpose and would therefore not be in the interest of justice. This court shall dismiss this motion which we have determined is a second or successive § 2255 petition.

Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 393 F.3d 1166, 1171 n. 3 (10th Cir. 2004)(quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). The defendant has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

III.

To the extent that the defendant is asserting a claim under 28 U.S.C. § 2241, the court finds it lacks jurisdiction to consider it. The defendant's attempt to vacate his conviction under § 2241 conflicts with the general rules that such challenges must be brought under § 2255. He may rely on § 2241 only under a narrow exception called the "savings clause," contained in § 2255(e), which would allow him to bring his § 2241 challenge only if a § 2255 "motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause question "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." Prost v. Anderson, 636 F.3d 578, 586 (10th Cir. 2011).

The arguments raised by the defendant here are the same arguments that he attempted to raise in the § 2241 petition he filed in the District Court of Colorado. There, the court found that he had not demonstrated that his remedy under § 2255 was inadequate or ineffective, and the Tenth Circuit affirmed that decision. This court also finds that the defendant has not shown that his remedy under § 2255 is inadequate or ineffective to challenge his conviction. Accordingly, to the extent that the defendant is asserting a claim under § 2241, we find that we lack jurisdiction to consider it because the defendant has

6

failed to show that the opportunity to seek a remedy under § 2255 is inadequate or ineffective.

## IV.

Finally, the court notes that the defendant has requested that the court provide relief under a writ of audita querela if we do not provide relief on any other basis. The defendant is not entitled to a writ of audita querela because he is in custody. See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). Even if the defendant were not in custody, a writ of audita querela would likely not be the appropriate writ, as it is only available for "unanticipated situations that arise after judgment." Rawlins v. Kansas, 714 F.3d 1189, 1196 (10th Cir. 2013).

**IT IS THEREFORE ORDERED** that defendant's motion for leave to proceed *in forma pauperis* (Doc. # 151) be herby granted.

**IT IS FURTHER ORDERED** that defendant's petition (Doc. # 150), which the court has construed as a second or successive motion for relief under 28 U.S.C. § 2255, be hereby dismissed. The court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that to the extent that defendant's petition should be construed as motion for relief under 28 U.S.C. § 2241, it shall be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2015, at Topeka, Kansas.

                                                   s/RICHARD D. ROGERS
                                                   Richard D. Rogers
                                                   United States District Judge