# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 09-40049-01-KHV |
| ) | |
| GREGORY D. CROSBY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant's Motion For Missing Property</u> (Doc. #177) filed July 25, 2016. Defendant seeks the return of $3000.00 in cash that he alleges was in the car in which he was arrested. On January 19, 2016, the government sent defendant all of his personal property that remained in the custody of the Topeka Police Department. <u>See</u> <u>Notice Of Return Of Property</u> (Doc. #172) at 1-2. The same day, the government filed an itemized list of all property that it had returned to defendant. <u>See id.</u> On June 16, 2017, the government filed a supplemental notice that it sent defendant additional miscellaneous items that remained in its possession. <u>See</u> <u>Notice Of Return Of Property</u> (Doc. #181) at 1-2. In response to defendant's latest motion, the government states as follows:

> After receiving the Court's order[] directing the filing of this response, the undersigned contacted the Topeka Police Department and requested all of the law enforcement reports associated with the defendant's arrest, as no investigative reports remained in the possession of the government. The Topeka Police Department provided, and the undersigned has now reviewed, all of the police reports associated with the police response to the reported bank robbery and the location and arrest of the defendant. Nowhere in the reports was there any mention of $3,000.00 in United States Currency being found in the defendant's vehicle at the time of his arrest. Included within those reports and attached hereto as Ex. 1, is the specific report detailing the search of the defendant's vehicle on May 26, 2009, and the collection and processing of evidence during that search. As with all of the other reports, this report makes no mention of $3,000.00 in United States Currency being

found in the defendant's vehicle.

Government's Response To Defendant's Motion For Missing Property (Doc. #184) at 2.

Defendant apparently argues that either (1) the police did not find the money because they did not carefully search the car or (2) someone took the money. Doc. #182 at 2. In any event, at this stage, the government does not have the money. The Tenth Circuit instructs that if the government is no longer in possession of property, the district court may either (1) dismiss a motion under Rule 41(g), Fed. R. Crim P., for lack of subject matter jurisdiction or (2) grant defendant an opportunity to assert an alternative claim for monetary relief. United States v. Soto-Diarte, 370 F. App'x 886, 888 (10th Cir. 2010). Here, defendant has not identified the legal basis for his motion. Because the government does not have the money, the Court lacks jurisdiction to award relief under Rule 41(g). See id. (Rule 41(g) not proper vehicle for obtaining monetary compensation for seized property no longer in government possession). To the extent that defendant's present motion can be construed as a motion under Fed. R. Crim. P. 41(g), the Court dismisses it for lack of jurisdiction. Based on the conclusory nature of defendant's present motion, the Court cannot ascertain what, if any, alternative form of relief defendant requests.[1] Accordingly, to the extent that defendant's motion can be construed as a request for relief under some authority other than Rule 41(g), the Court overrules it.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Missing Property (Doc. #177) filed July 25, 2016 is **DISMISSED in part and OVERRULED in part. To the extent that defendant's present motion can be construed as a motion under Fed. R. Crim. P. 41(g), the**

---

[1] The Seventh Circuit has outlined various alternative forms of relief when the government does not have possession of the disputed property. See United States v. Norwood, 602 F.3d 830, 833 (7th Cir. 2010).

**Court dismisses it for lack of jurisdiction. The Court otherwise overrules defendant's motion. On or before September 30, 2017, defendant may file an alternative claim for monetary relief.**

Dated this 31st day of July, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
