# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 09-40049-01-KHV |
| | ) | |
| **GREGORY D. CROSBY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 11, 2010, after a jury trial, the Honorable Richard D. Rogers sentenced defendant to 262 months in prison for attempted bank robbery and conveying false information related to bomb threats. On March 16, 2012, the Court denied defendant's motion to vacate sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #111) filed March 16, 2012; see also Memorandum And Order (Doc. #153) filed March 23, 2015 (dismissing second § 2255 motion). This matter is before the Court on Defendant's Motion To Review His Sentence Under Criminal Justice Reform Act (Doc. #192) filed December 31, 2018. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when

defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here.

Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Moreover, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949.

Defendant asks for a review of his sentence under the "Criminal Justice Reform Act." Based on the timing of defendant's motion, some ten days after enactment of the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), defendant potentially seeks relief under that statute. The only retroactive portion of the First Step Act is Section 404 which permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a). Section 404, however, applies to defendants who were sentenced for an offense involving crack cocaine that was committed before August 3, 2010. Defendant was convicted of attempted bank robbery and conveying false and misleading information. The Court therefore lacks jurisdiction to reduce defendant's sentence under the First Step Act.

For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Review His Sentence</u>

Under Criminal Justice Reform Act (Doc. #192) filed December 31, 2018 is **DISMISSED for lack of jurisdiction.**

Dated this 22nd day of July, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge