# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-40049-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| GREGORY D. CROSBY, | ) | No. 20-4011-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 11, 2010, after a jury trial, the Honorable Richard D. Rogers sentenced defendant to 262 months in prison for attempted bank robbery and conveying false information related to bomb threats. This matter is before the Court on defendant's <u>Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241</u> (Doc. #196) filed February 14, 2020, which the Court construes as a second or successive petition under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's successive Section 2255 motion for lack of jurisdiction and denies a certificate of appealability.[1]

## Factual And Procedural Background

On direct appeal, the Tenth Circuit summarized the relevant facts as follows:

On May 21, 2009, Crosby drove up to the drive-through window at a federally insured bank in Topeka, Kansas, and passed a note to the teller demanding cash. The robbery note read: "This is a robbery. Give me all large bills. 100s, 50s, no bait money, no alarms, and give note back and do it fast." The bank lobby was closed. The teller did not dispense any money to Crosby, but discussed the note with his fellow tellers who set off the alarm, called the police, and jotted down

---

[1] Defendant seeks in forma pauperis status for the filing of his habeas corpus petition. <u>See</u> defendant's <u>Application To Proceed Without Prepayment Of Fees And Affidavit By A Prisoner</u> (Doc. #197) filed February 14, 2020. Because the Court construes the petition as a motion to vacate sentence under 28 U.S.C. § 2255 and no filing fee is required for such motions, the Court overrules defendant's request as moot. <u>See</u> <u>United States v. Garcia</u>, 164 F. App'x. 785, 786 (10th Cir. 2006).

>Crosby's license number.  When he did not receive any money after waiting for a minute or less, Crosby drove away from the bank.  He was soon apprehended in a nearby store parking lot.  When approached by police officers, he claimed he had a bomb in his car and had placed another bomb in the federal courthouse.  No bombs were found at either location.

United States v. Crosby, 416 F. App'x. at 776, 777 (10th Cir. 2011) (citations omitted).

A jury convicted defendant of attempted bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1), and giving false information in violation of 18 U.S.C. § 1038 (Count 2).  On March 11, 2010, the Court sentenced defendant to 240 months on Count 1 and 22 months on Count 2, with the terms to run consecutively, for a total of 262 months in prison.  See Judgment In A Criminal Case (Doc. #72).  On March 23, 2011, the Tenth Circuit affirmed.  Crosby, 416 F. App'x. at 777.

On March 16, 2012, the Court denied defendant's motion to vacate sentence under 28 U.S.C. § 2255.  Memorandum And Order (Doc. #111) at 18.  On appeal, defendant argued that counsel provided ineffective assistance because he had "failed to mention $3,000 that was under the driver's seat of the car."  United States v. Crosby, 468 F. App'x 913, 914 (10th Cir. 2012).  The Tenth Circuit declined to consider the argument because defendant had not raised it in district court.  Id.  The Tenth Circuit denied a certificate of appealability and dismissed the appeal.  Id.

On March 23, 2015, the Court dismissed second defendant's motion to vacate sentence under 28 U.S.C. § 2255.  Memorandum And Order (Doc. #153) at 7.  The Tenth Circuit denied a certificate of appealability and dismissed the appeal.  United States v. Crosby, 608 F. App'x 665, 666 (10th Cir. 2015).

Defendant has filed several motions seeking the return of personal property under Rule 41(g) of the Federal Rules of Criminal Procedure.  On June 16, 2016, defendant asked the Court to order the government to return the $3,000, which law enforcement agents purportedly

found in his car.  See Defendant's Response To Court's Order In Reference To Motion For Missing Property (Doc. #176) at 2.  The government stated that it did not have the currency and the property inventory report did not show that officers found any currency in the car. Government's Response To Defendant's Motion For Missing Property (Doc. #184) filed June 30, 2017 at 2.  Because the government did not have the money, the Court dismissed defendant's motion for lack of jurisdiction to award relief under Rule 41(g).  Memorandum and Order (Doc. #185) filed July 31, 2017.

Defendant later filed a civil suit against the United States Attorney's Office.  See Complaint And Action (Doc. #1-1) filed May 17, 2019 in D. Kan. No. 19-3092-SAC.  Defendant asserted that government counsel acted to "deprive, withhold and lose the [$3,000 in] currency belonging to [him] all in violation of his Constitutional rights."  Crosby v. U.S. Attorney's Office, No. 19-3092-SAC, 2020 WL 1271825, at *3 (D. Kan. Mar. 17, 2020).  The Honorable Sam A. Crow recently ordered Crosby to show cause why his claim under 42 U.S.C. § 1983 should not be dismissed.  See id. at *5.  Judge Crow noted that the complaint did not appear to state a constitutional violation because negligent or unauthorized, intentional deprivation of property by a state actor does not give rise to a due process violation if state law provides an adequate post-deprivation remedy.  See id. at *4.

In his criminal lawsuit, defendant now asks the Court to review his conviction and sentence because the "key element of the $3,000 in currency was not mention[ed] at trial."  Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. #196) at 10.

## Analysis

**I.      Basis For Relief Requested In Defendant's Petition**

Initially, the Court must address how to construe defendant's petition that is titled under

28 U.S.C. § 2241. The relief sought—not a motion's title—determines how the Court should construe a motion. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitioners by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255).

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. Likewise, the mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011).

Defendant apparently attempts to seek relief under 28 U.S.C. § 2241. Because defendant is confined in Colorado, this Court lacks jurisdiction to hear his claim under Section 2241. See 28 U.S.C. § 2241 (petition must be filed in district where prisoner is confined); Bradshaw, 86 F.3d at 166. In any event, defendant has not shown that his remedy under Section 2255 is inadequate or ineffective. Patel v. Morris, 37 F. App'x 428, 430–31 (10th Cir. 2002) (allowing claims under Section 2241 that would be barred under Section 2255 because remedy "inadequate or ineffective" would allow prisoners to avoid stringent gatekeeping requirements under Section 2255; such procedure contrary to statute and Congressional intent to restrict successive petitions to extremely limited situations).

The Court also declines to consider defendant's motion as one to alter or amend the

judgments on his prior habeas petitions. A true Rule 60(b) motion to alter or amend (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224–25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1225. When determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive petition, a Rule 60(b) motion or a "mixed" motion. Id. at 1224.

Defendant has not identified any defect in his prior post-conviction proceedings. Instead, defendant asks the Court to review his sentence because the "key element of the $3,000 in currency was not mention[ed] at trial." Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. #196) at 10. Defendant argues that had the jury known about the $3,000 in currency, the verdict may have been different. Id. at 11; see id. (sentence "void" because jury did not hear element of $3,000 in currency). Defendant's present claim in substance or effect asserts or reasserts federal grounds for relief from his underlying conviction and sentence. Because defendant has previously sought relief under Section 2255, the Court construes his claim as part of a second or successive Section 2255 motion. See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion); Spitznas, 464 F.3d at 1216 (motions that assert defect outside context of habeas proceeding constitute second or successive petitions); see also United States v. Moreno, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to

reconsider which reargues and expands upon prior substantive challenges to conviction not true Rule 60(b) motion).

## II. Relief Under Section 2255

As noted, defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222–23 (10th Cir. 2006). In making this decision, the Court considers whether the claim would be time-barred if filed anew in the proper forum, whether the claim is likely to have merit and whether the claim was filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Defendant's claim does not satisfy the authorization standards under Section 2255. Defendant has not asserted "newly discovered evidence" or shown that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. See 28 U.S.C. § 2255(h). Accordingly, the Court dismisses the successive Section 2255 motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer

of frivolous, time-barred cases).

### III.   Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. #196) filed February 14, 2020, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Application To Proceed Without Prepayment Of Fees And Affidavit By A Prisoner (Doc. #197) filed February 14, 2020 is **OVERRULED as moot**.

Dated this 2nd day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge