IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                     ) | |
|           Plaintiff,                ) | |
|                                     ) | CRIMINAL ACTION |
| v.                                  ) | |
|                                     ) | No. 09-40049-01-KHV |
| GREGORY D. CROSBY,                  ) | |
|                                     ) | |
|           Defendant.                ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On March 11, 2010, after a jury trial, the late Honorable Richard D. Rogers sentenced defendant to 262 months in prison for attempted bank robbery and conveying false information related to bomb threats.  This matter is before the Court on Defendant's Motion For The Court To Recommend Placement At USP-Leavenworth And Closer To [His] Residen[ce] (Doc. #206) filed March 22, 2021.  For reasons stated below, the Court sustains defendant's motion in part.

Defendant asserts that at sentencing, the Court incorrectly recommended that he be placed at USP-Florence instead of USP-Leavenworth.  Defendant ignores the fact that shortly before sentencing, he asked that the BOP place him at USP-Florence and in any event, not at USP-Leavenworth.  See Defendant's Sentencing Recommendation (Amended) (Doc. #67) filed March 4, 2010 at 1–2 (requesting placement at USP-Florence or state facility in Nevada, Washington or Minnesota; specifically asking not to be placed at USP-Leavenworth).  Judge Rogers granted defendant's request and recommended that the BOP place him at USP-Florence or a state facility in Nevada, Washington or Minnesota that is under contract with the BOP to house federal prisoners.  See Judgment In A Criminal Case (Doc. #72) at 2.  Even if defendant could show some mistake in the placement recommendation, the BOP has plenary control over the place of defendant's imprisonment.  Tapia v. United States, 564 U.S. 319, 331 (2011); see 18 U.S.C.

§§ 3621(b), (e) and (f), 3624(f).  Whether as part of a sentence or as noted elsewhere, a judicial recommendation that the BOP place an offender in a particular facility has no binding effect.  See Tapia, 564 U.S. at 331–32; 18 U.S.C. § 3582(a).  Because a judicial recommendation on placement is not binding and is not part of defendant's sentence, the Court overrules defendant's motion to the extent that he seeks to alter his sentence.

Even though the Court's recommendation has no binding effect, the Court may consider requests for informal recommendations after sentencing.  Based on defendant's motion, the Court recommends that to the extent defendant otherwise qualifies for placement at USP-Leavenworth, the BOP consider him for placement at that facility.

**IT IS THEREFORE ORDERED** that Defendant's Motion For The Court To Recommend Placement At USP-Leavenworth And Closer To [His] Residen[ce] (Doc. #206) filed March 22, 2021 is **SUSTAINED in part.  The Court recommends that to the extent defendant otherwise qualifies for placement at USP-Leavenworth, the BOP consider him for placement at that facility.  Defendant's motion is otherwise overruled**.

Dated this 29th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge