IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                     )<br>                              **Plaintiff,**  )<br>                                                     )        CRIMINAL ACTION<br>v.                                                )<br>                                                     )        No. 09-40049-01-KHV<br>GREGORY D. CROSBY,                 )<br>                                                     )<br>                              **Defendant.**  )<br>_____) | |

### **MEMORANDUM AND ORDER**

On March 11, 2010, after a jury trial, the late Honorable Richard D. Rogers sentenced defendant to 262 months in prison for attempted bank robbery and conveying false information related to bomb threats.  This matter is before the Court on <u>Defendant's Motion For Compassionate Non-Medical [Release] Or Motion To Reduce Sentence Under First Step Act of 2018</u> (Doc. #208) filed December 7, 2022.  On December 16, 2022, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.  For reasons stated below, the Court overrules defendant's motion.

### **Factual Background**

On May 21, 2009, at the drive-through window of a federally insured bank in Topeka, Kansas, defendant gave the teller a note demanding cash.  The teller did not give any money to defendant, but alerted police.  After waiting about a minute, defendant drove away from the bank. When officers approached defendant in a nearby parking lot, he claimed that he had a bomb in his car and had placed another bomb in the federal courthouse.  Police did not find bombs at either location.

A jury convicted defendant of attempted bank robbery, in violation of 18 U.S.C. § 2113(a),

and giving false information, in violation of 18 U.S.C. § 1038. Based on an offense level 32 with a criminal history category VI, defendant's guideline range was 210 to 262 months in prison. Judge Rogers sentenced defendant to 262 months in prison (consecutive sentences of 240 months and 22 months on the two counts). The Tenth Circuit affirmed. See United States v. Crosby, 416 F. App'x 776, 777–78 (10th Cir. 2011).

Defendant currently is confined at USP Florence ADMAX, a maximum security Bureau of Prisons ("BOP") facility in Florence, Colorado. With good time credit, defendant's projected release date is May 1, 2029. Defendant asks the Court to reduce his sentence by 36 months because he has completed several vocational and educational programs and in three years, at the age of 62, he will be a low risk to recidivate.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).

Defendant apparently seeks relief under Section 3582(c)(1)(A), which is commonly referred to as the compassionate release statute. The title of defendant's motion refers to relief under the "First Step Act of 2018," (Doc. #208), which in part amended Section 3582(c)(1)(A) to authorize courts to reduce a defendant's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). In defendant's reply, he states that his motion has nothing to do

with compassionate release because he only asks the Court in its own discretion to *reduce* his sentence by 36 months.  <u>Defendant's Motion And Reply In Opposition To Non-Compassionate Release And Opposition To Government Reply</u> (Doc. #212) filed January 27, 2023 at 2–3; see <u>id.</u> at 1 (characterizing his motion as one for "non-compassionate release"); <u>id.</u> at 7 (defendant states he has "no extraordinary or compelling reason(s)"); <u>id.</u> at 8 (defendant "ask[s] this court to reduce the sentence, what's extraordinary about that?").  But cf. <u>id.</u> at 10 (no justice has been served in this matter, "that's compelling and extraordinary").  Whether defendant seeks immediate release or a partial reduction of his sentence for extraordinary and compelling reasons, however, his only potential remedy appears to be under Section 3582(c)(1)(A)(i).[1]  The Court therefore construes defendant's motion as seeking a reduced sentence under Section 3582(c)(1)(A)(i).

Initially, the government argues that the Court should deny defendant's motion because he did not exhaust administrative remedies.  <u>Government's Response To Defendant's Motion For Compassionate Release</u> (Doc. #210) filed December 22, 2022 at 3–4.  The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to

---

[1] Defendant does not specify any other statutory authority for the Court to reduce his sentence.  In addition to the amendments to the compassionate release statute, Section 404 of the First Step Act permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372.  See First Step Act § 404(a).  Section 404, however, applies to defendants who were sentenced for an offense involving crack cocaine that was committed before August 3, 2010.  Defendant was convicted of attempted bank robbery and conveying false and misleading information.  Section 404 therefore does not apply.  None of the other subsections in Section 3582 apply.  Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  See <u>Blackwell</u>, 81 F.3d at 947–48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).

appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  As to the second alternative, a "lapse" refers to the failure of the warden to respond to defendant's request.  See United States v. Maumau, 993 F.3d 821, 830 (10th Cir. 2021) (§ 3582(c)(1)(A) allows defendant to directly file motion for compassionate release with district court after either exhausting administrative remedies or "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief") (emphasis added).  In other words, if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court.

The exhaustion requirement is a mandatory claims-processing rule.  See United States v. Hemmelgarn, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  But cf. United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017) (under Section 3582(c)(2), requirement that defendant must show he was sentenced "based on" guideline range the Sentencing Commission lowered is jurisdictional).  Defendant must show that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf."  United States v. Akers, 855 F. App'x 465, 466 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  In contrast with judicially created exhaustion requirements, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies.  Malouf v. SEC, 933 F.3d 1248, 1256 (10th Cir. 2019); see Ross v. Blake, 578 U.S. 632, 639–40 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion).

Defendant concedes that he has not filed a request for a reduced sentence to the warden at USP Florence.  Defendant states that he will initiate an administrative remedy, but he notes that it will not make a difference and he will end up back before this Court asking for a reduced sentence

based on the low risk of recidivism.  Defendant's Motion And Reply In Opposition To Non-Compassionate Release And Opposition To Government Reply (Doc. #212) at 8–9.  Defendant has not explained or shown why filing an administrative claim would be futile.  Because defendant has not shown that he exhausted administrative remedies and the government objects for this reason, the Court overrules his motion for compassionate release.  See Hemmelgarn, 15 F.4th at 1030; see also United States v. Purify, No. 20-5075, 2021 WL 5758294, at *3 (10th Cir. Dec. 3, 2021) (if government raises exhaustion requirement, court must enforce it even if equities weigh in defendant's favor).

Even if defendant had exhausted administrative remedies or shown that exhaustion would be futile, he has not shown that the Court should grant compassionate release.  The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) the Section 3553(a) factors warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); Maumau, 993 F.3d at 831; United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.  Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.  Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.  See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021); see also United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) (where incarcerated person files motion, district court may skip step two of § 3582(c)(1)(A) inquiry and has full discretion to define "extraordinary and compelling" without consulting policy statement at U.S.S.G. § 1B1.13).  Accordingly, the Court evaluates only the first and third requirements.

**I.      Extraordinary And Compelling Reasons For Release**

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.  See McGee, 992 F.3d at 1044, 1048.  In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."  United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)).  The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions.  See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).  For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories.  U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Here, defendant asks the Court to reduce his sentence by 36 months because he has completed several vocational and educational programs and in three years at the age of 62, he will be a low risk to recidivate.  Defendant's Motion And Reply In Opposition To Non-Compassionate Release And Opposition To Government Reply (Doc. #212) at 2–4.  The government correctly notes that rehabilitation alone is not an extraordinary and compelling reason for relief.  See 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes

reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Although rehabilitation and the risk of recidivism are closely related concepts, a defendant's risk of recidivism is not limited to rehabilitation. The Court therefore does not categorically reject defendant's stated reasons. Even so, for reasons stated below, defendant has not shown that his rehabilitative efforts combined with his risk of recidivism constitute extraordinary and compelling reasons for a reduced sentence.

Defendant relies on the general principle that an offender's risk of recidivism decreases with age. Age certainly is an important factor to determine the likelihood that an inmate will commit additional crimes upon release. See U.S. Sentencing Commission, The Effects of Aging on Recidivism Among Federal Offenders (Dec. 7, 2017) at 3 ("Older offenders were substantially less likely than younger offenders to recidivate following release."), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders. Other important factors, however, include the primary offense type at sentencing and an offender's criminal history category. See id. Defendant's underlying offense involved robbery, which suggests a high risk of recidivism relative to other offenses. See id. at 25 (at 60 years old or older at release, rearrest rate of 34.5% if primary offense was robbery, 30.2% for firearms, 17.5% for drug trafficking and 12.5% for fraud). Defendant also had the highest criminal history category of VI, which suggests a high risk of recidivism relative to those with no or minimal criminal history. See id. at 25 (at 60 years old or older at release, rearrest rate of 37.7% for offenders with criminal history category VI, 22.6% for category II and 11.3% for category I). In sum, defendant's age suggests that his risk of recidivism has decreased, but he still has a higher risk of recidivism relative to other offenders of the same age.

Defendant has completed a significant portion of his sentence, he has completed more than

100 educational courses in prison and apparently has made significant progress toward rehabilitation. Even so, he has not shown that his rehabilitation efforts and any decreased risk of recidivism are extraordinary and compelling reasons for relief.

## II.     Section 3553 Factors

Even if the defendant's rehabilitation and a decreased risk of recidivism were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553. A sentence of approximately 226 months including good time credit is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. In particular, despite a lengthy criminal history including a sentence of 132 months for bank robbery in 1994, defendant again attempted to rob a bank and then gave police false information about two bomb threats. Finally, a reduction of defendant's sentence to approximately 226 months would reflect a significant disparity from his current sentence of 262 months, which was the high end of his guideline range of 210 to 262 months. As outlined above, defendant has completed a significant portion of his sentence and made some progress toward rehabilitation. Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant did not exhaust administrative remedies, he has not shown "extraordinary and compelling" reasons for a reduced sentence and the factors under Section 3553(a) do not support a reduced sentence. The Court therefore overrules defendant's motion for compassionate release.

## III.    Request For BOP Transfer

In the alternative, defendant asks that the Court direct the BOP to place him at USP Leavenworth or closer to the Kansas City metropolitan area. Because the Court lacks authority

to direct that the BOP transfer defendant to a specific facility, the Court overrules his request.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion For Compassionate Non-Medical [Release] Or Motion To Reduce Sentence Under First Step Act of 2018 (Doc. #208) filed December 7, 2022 is **OVERRULED.**

Dated this 10th day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] At sentencing and at defendant's request, Judge Rogers granted defendant's request and recommended that the BOP place him at USP Florence or a state facility in Nevada, Washington or Minnesota that is under contract with the BOP to house federal prisoners. See Judgment In A Criminal Case (Doc. #72) at 2. In 2021, defendant asked the Court to order the BOP to transfer him to USP Leavenworth. As explained in the order denying defendant's request, the BOP has plenary control over the place of his imprisonment. Tapia v. United States, 564 U.S. 319, 331 (2011); see 18 U.S.C. §§ 3621(b), (e) and (f), 3624(f). Whether as part of a sentence or as noted elsewhere, a judicial recommendation that the BOP place an offender in a particular facility has no binding effect. See Tapia, 564 U.S. at 331–32; 18 U.S.C. § 3582(a). Even so, the Court previously recommended that to the extent defendant otherwise qualifies for placement at USP Leavenworth, the BOP consider him for placement at that facility. See Memorandum And Order (Doc. #207) filed March 29, 2021 at 2.