## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                )<br>                    Plaintiff,   )<br>                                )<br>v.                              )<br>                                )<br>GREGORY D. CROSBY,              )<br>                                )<br>                    Defendant.  )<br>_____ ) | CRIMINAL ACTION<br><br>No. 09-40049-01-KHV |

## MEMORANDUM AND ORDER

On March 11, 2010, after a jury trial, the late Honorable Richard D. Rogers sentenced defendant to 262 months in prison for attempted bank robbery and conveying false information related to bomb threats.  This matter is before the Court on Defendant's Motion To Modify Sentence (Doc. #219) filed December 6, 2023, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  On December 15, 2023, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.  For reasons stated below, the Court overrules defendant's motion.[1]

### Factual Background

On May 21, 2009, at the drive-through window of a federally insured bank in Topeka, Kansas, defendant gave the teller a note demanding cash.  The teller did not give any money to defendant, but alerted police.  After waiting about a minute, defendant drove away from the bank.  When officers approached defendant in a nearby parking lot, he claimed that he had a

---

[1]    The Court sustains Defendant's Motion To Supplement Record On Motion To Modify (Doc. #224) filed January 10, 2024, which seeks to add information about his exhaustion of administrative remedies.

bomb in his car and had placed another bomb in the federal courthouse.  Police did not find bombs at either location.

A jury convicted defendant of attempted bank robbery, in violation of 18 U.S.C. § 2113(a), and giving false information, in violation of 18 U.S.C. § 1038.  Based on an offense level 32 with a criminal history category VI, defendant's guideline range was 210 to 262 months in prison.  Judge Rogers sentenced defendant to 262 months in prison (consecutive sentences of 240 months and 22 months on the two counts).  The Tenth Circuit affirmed.  See United States v. Crosby, 416 F. App'x 776, 777–78 (10th Cir. 2011).

Defendant currently is confined at USP Florence ADMAX, a maximum security Bureau of Prisons ("BOP") facility in Florence, Colorado.  With good time credit, defendant's projected release date is May 1, 2029.  Defendant asks the Court to reduce his sentence by 24 to 36 months because (1) he has presented a release plan for relocation to Las Vegas, Nevada or Seattle, Washington, or alternatively to Kansas City, Kansas where he can help act as caregiver for his siblings, (2) he is 59 years old and (3) he has shown rehabilitation in prison.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).

-2-

Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).[2]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants.  U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).  Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if defendant establishes any one or combination of the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the

---

[2]    The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The government does not dispute that defendant has exhausted administrative remedies.

change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.  U.S.S.G. § 1B1.13(b)(1)–(6).

## I.      Extraordinary And Compelling Reasons For A Reduced Sentence

Defendant seeks a reduced sentence because (1) he has presented a release plan for relocation to Las Vegas, Seattle or Kansas City, where he can act as caregiver for his siblings, (2) he is 59 years old and (3) he has shown rehabilitation in prison.

### A.   Release Plan And Acting As Caregiver For Relative

Defendant proposes that the Court transfer his supervision to Las Vegas or Seattle because he has "no secure or reliable ti[]es in the Kansas City, Kansas" area.  Defendant's Motion To Modify Sentence (Doc. #219) at 6.  Defendant states that he will obtain employment and initially reside at a residential reentry center.  Id. at 5.  Nothing in defendant's proposed release plan appears "extraordinary" or "compelling" as those terms are ordinarily understood.  See United States v. Ford, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) ("extraordinary" means "exceptional to a very marked extent;" "compelling" means "tending to convince . . . by forcefulness of evidence") (quotations and citations omitted).  Likewise, the applicable Sentencing Commission policy statement does not identify a viable release plan alone as an extraordinary and compelling reason for a reduced sentence.

In defendant's alternative proposed release plan, he states that he could reside at his sister's house in Kansas City "to help [as] caregiver [for a] relative."  Amendment To Motions (Doc. #220) filed December 6, 2023 at 2.  In his reply, defendant states that his siblings need a caregiver because his sister has to work.  Defendant's Opposition Reply [In Support Of] Motion To Modify Sentence (Doc. #223) filed January 10, 2024 at 2.  Under the policy statement,

however, a defendant's family circumstances constitute extraordinary and compelling reasons for a reduced sentence only if defendant establishes that (1) his siblings are incapacitated and (2) he is the "only available caregiver" for them.  U.S.S.G. § 1B1.13(b)(3)(B)–(D).  Defendant has not provided sufficient details which satisfy either element.  Moreover, defendant states that he intends to work when he is released, so he has not shown that he will be more available than his sister—who also needs to work.  Finally, defendant apparently asks to care for his siblings in Kansas City only if the Court does not release him and transfer his supervision to Las Vegas or Seattle.  The alternative nature of defendant's request combined with the fact that he does not seek immediate release suggest that any need for defendant to act as a caregiver for his siblings is not "compelling."

In sum, defendant has not shown that his proposed release plans are extraordinary and compelling reasons for a reduced sentence.

B.  Current Age

Defendant argues that his current age of 59 is an extraordinary and compelling reason for a reduced sentence.  Defendant has not shown, however, how this fact in combination with all of the circumstances of his case is an extraordinary and compelling reason or that this reason is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement.  Defendant apparently relies on the general principle that an offender's risk of recidivism decreases with age.  See Memorandum And Order (Doc. #213) filed February 10, 2023 at 7 (noting defendant's argument on same grounds in prior motion for compassionate release).  Of course, this fact is common to every prisoner and is not an extraordinary and compelling reason for all prisoners to receive reduced sentences.  Moreover, as the Court

previously noted, defendant's underlying offense involved robbery, which suggests a high risk of recidivism relative to other offenses.  Id.  Defendant also had the highest criminal history category of VI, which suggests a high risk of recidivism relative to those with minimal or no criminal history.  Id.  Even though defendant's age suggests that his risk of recidivism has decreased, he still has a higher risk of recidivism than other offenders of the same age.  Id.  In sum, defendant's age of 59 is not an extraordinary and compelling reason to reduce his sentence.

      C.  Rehabilitation

Defendant argues that his rehabilitation warrants relief.  Rehabilitation alone is not an extraordinary and compelling reason for relief.  See 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").  Defendant has taken a number of classes and made some progress toward rehabilitation.  Even so, defendant's rehabilitation efforts in combination with his release plan and age do not constitute an extraordinary and compelling reason and certainly not one of similar gravity to the circumstances identified in the first four categories of the applicable policy statement.

**II.  Section 3553 Factors**

Even if defendant could somehow show that his stated grounds for relief collectively constitute "extraordinary and compelling" reasons for a reduced sentence and that such a finding is consistent with the applicable policy statement, the Court would deny relief after considering the factors under 18 U.S.C. § 3553.  The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including

the need to protect the public from further crimes of defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct.  See 18 U.S.C. § 3553(a).

A reduced sentence of 226 or 238 months including good time credit is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. In particular, despite a lengthy criminal history including a sentence of 132 months for bank robbery in 1994, defendant again attempted to rob a bank and then gave police false information about two bomb threats.  Finally, a reduction of defendant's sentence to 226 or 238 months would reflect a significant disparity from his current sentence of 262 months, which was the high end of his guideline range of 210 to 262 months.  Defendant has completed a significant portion of his sentence and made some progress toward rehabilitation.  Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant has not shown "extraordinary and compelling" reasons for a reduced sentence, that the applicable policy statement is consistent with a finding of "extraordinary and compelling" reasons or that the factors under Section 3553(a) support a reduced sentence.  The Court therefore overrules defendant's motion for compassionate release.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Modify Sentence (Doc. #219) filed December 6, 2023, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Supplement Record On Motion To Modify (Doc. #224) filed January 10, 2024 is **SUSTAINED**.

Dated this 17th day of January, 2024 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge