## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|        **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-40049-01-KHV |
| GREGORY D. CROSBY, ) | |
| ) | |
|        **Defendant.** ) | |
| ) | |

### MEMORANDUM AND ORDER

On March 11, 2010, after a jury trial, the late Honorable Richard D. Rogers sentenced defendant to 262 months in prison for attempted bank robbery and conveying false information related to bomb threats. This matter is before the Court on Defendant's Motion For Reduction of Sentence Under Second Chance Act Or Motion In Alternative To Be Released To A RRC Center, Per Court Supervision Or Guidelines – FSA Act Non-Extraordinary (Doc. #237) filed July 14, 2025, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and a motion for relief under the Second Chance Act of 2007, 122 Stat. 657.[1] For reasons stated below, the Court overrules defendant's motion for compassionate release and dismisses his motion under the Second Chance Act.

### Factual Background

On May 21, 2009, at the drive-through window of a federally insured bank in Topeka,

---

[1]  Defendant concedes that his reasons for release are not "extraordinary." Defendant's Motion For Reduction of Sentence (Doc. #237) at 1; see id. at 9 (relief requested "not about extraordinary reasons"). A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Because the Court lacks general authority to modify defendant's sentence, the Court liberally construes defendant's motion as one made under both the compassionate release statute and the Second Chance Act.

Kansas, defendant gave the teller a note demanding cash. The teller did not give any money to defendant, but alerted police. After waiting about a minute, defendant drove away from the bank. When officers approached defendant in a nearby parking lot, he claimed that he had a bomb in his car and had placed another bomb in the federal courthouse. Police did not find bombs at either location.

A jury convicted defendant of attempted bank robbery, in violation of 18 U.S.C. § 2113(a), and giving false information, in violation of 18 U.S.C. § 1038. Based on an offense level 32 with a criminal history category VI, defendant's guideline range was 210 to 262 months in prison. Judge Rogers sentenced defendant to 262 months in prison (consecutive sentences of 240 months and 22 months on the two counts). The Tenth Circuit affirmed. See United States v. Crosby, 416 F. App'x 776, 777–78 (10th Cir. 2011).

Defendant currently is confined at USP Florence ADMAX, a maximum security Bureau of Prisons ("BOP") facility in Florence, Colorado. With good time credit, defendant's projected release date is May 1, 2029. Defendant asks the Court to reduce his sentence or release him to a residential re-entry center with conditions.

## Analysis

Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).

**I.      Motion For Compassionate Release**

Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021). On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants. U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).[2]

A.      Exhaustion Of Administrative Remedies

Initially, the government argues that the Court should dismiss defendant's motion because he did not exhaust administrative remedies. Government's Response To Defendant's Motion For Sentence Reduction Or In The Alternative Modification Of Existing Sentence (Doc. #238) filed July 22, 2025 at 3–4. The Court may entertain requests for compassionate release

---

[2]     Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if defendant establishes any one or combination of the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today. U.S.S.G. § 1B1.13(b)(1)–(6).

only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The exhaustion requirement is a mandatory claims-processing rule.  See United States v. Hemmelgarn, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  Defendant must show that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf."  United States v. Akers, 855 F. App'x 465, 466 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  In contrast with judicially created exhaustion requirements, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies.  Malouf v. SEC, 933 F.3d 1248, 1256 (10th Cir. 2019); see Ross v. Blake, 578 U.S. 632, 639–40 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion).

Because defendant has not shown that he exhausted administrative remedies, and the government objects that he failed to do so, the Court overrules his motion for compassionate release.  See Hemmelgarn, 15 F.4th at 1030; see also United States v. Purify, No. 20-5075, 2021 WL 5758294, at *3 (10th Cir. Dec. 3, 2021) (if government raises exhaustion requirement, court must enforce it even if equities weigh in defendant's favor).

B. Extraordinary Reasons And Section 3553(a) Factors

Defendant argues that his age of nearly 61 and his rehabilitation efforts warrant relief.  As explained in a prior order, defendant's age and rehabilitation efforts are not extraordinary and compelling reasons to reduce his sentence.  See Memorandum And Order (Doc. #225) filed

January 18, 2024 at 5–6, aff'd, 2024 WL 2955558 (10th Cir. June 12, 2024); see also 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). Even if defendant could somehow show that his stated grounds for relief collectively constitute "extraordinary and compelling" reasons for a reduced sentence and that such a finding is consistent with the applicable policy statement, the Court would deny relief after considering the factors under 18 U.S.C. § 3553 for substantially the reasons as those stated in prior orders. See Memorandum And Order (Doc. #225) at 6–7; see also Memorandum And Order (Doc. #213) filed February 10, 2023 at 8, aff'd, 2023 WL 4938343 (10th Cir. Aug. 3, 2023).

Defendant has not shown that he exhausted administrative remedies, or that "extraordinary and compelling" reasons or factors under Section 3553(a) support a reduced sentence. The Court therefore overrules defendant's motion for compassionate release.

**II.     Second Chance Act**

Defendant apparently asks the Court to reduce his sentence or permit him to serve the rest of his sentence at a residential re-entry center under the Second Chance Act of 2007. Under the Second Chance Act, the BOP director may place an inmate in a community correctional facility during the final 12 months of his sentence. See 18 U.S.C. § 3624(c)(1). In considering placements, the BOP considers a number of factors including any statement by the sentencing court concerning the purposes of the sentence of incarceration and any recommendation by the sentencing court regarding the type of penal or correctional facility. 18 U.S.C. § 3621(b)(4). The BOP has plenary control over the place of defendant's imprisonment. Tapia v. United States,

564 U.S. 319, 331 (2011); see 18 U.S.C. §§ 3621(b), (e) and (f).  Because Congress has not authorized district courts to alter a defendant's sentence after sentencing to include placement in a residential re-entry facility, the Court lacks jurisdiction to do so.  United States v. Aron, No. 08-20169-01-KHV, 2015 WL 13650897, at *1 (D. Kan. Apr. 13, 2015).[3]

**IT IS THEREFORE ORDERED** that Defendant's Motion For Reduction of Sentence Under Second Chance Act Or Motion In Alternative To Be Released To A RRC Center, Per Court Supervision Or Guidelines – FSA Act Non-Extraordinary (Doc. #237) filed July 14, 2025, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and a motion for relief under the Second Chance Act, is **OVERRULED to the extent that defendant seeks compassionate release and DISMISSED to the extent that defendant seeks relief under the Second Chance Act**.

Dated this 7th day of August, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] To the extent that defendant seeks a judicial recommendation to the BOP, the Court overrules his request.  The BOP routinely decides the timing of placement in a residential re-entry facility without the benefit of the sentencing court's recommendation on the issue.  The Court does not necessarily oppose pre-release placement in a residential re-entry facility, but the BOP is the entity which makes this determination.  See Pasonick v. Strada, No. 12-cv-6204(SLT), 2013 WL 431332, *2 (E.D.N.Y. Feb. 4, 2013) (BOP retains discretion under Second Chance Act to decide whether and when inmate should be placed at residential re-entry facility); 18 U.S.C. § 3621(b) (order, recommendation or request by sentencing court that defendant serve term of imprisonment in community corrections facility not binding on BOP).